## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

July 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **TERRY W. HOLTSCLAW,** | * | C.C.A. # 03C01-9904-CR-00143 |
| Appellant, | * | WASHINGTON COUNTY |
| VS. | * | Hon. Lynn W. Brown, Judge |
| **STATE OF TENNESSEE,** | * | (Habeas corpus) |
| Appellee. | * | |

For Appellant:

Terry W. Holtzclaw, pro se
NECC Annex
P.O. Box 5000
Mountain City, TN  37683

For Appellee:

Paul G. Summers
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

OPINION FILED: _____

AFFIRMED--RULE 20

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner has appealed the trial court's summary dismissal of his petition for writ of habeas corpus. The state has filed a motion for affirmance pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Rule 20 allows for summary affirmance when "an opinion would have no precedential value" and "no error of law requiring a reversal .. is apparent on the record." Id. The state notes that the judgment in this case is not a determination of guilt, no material facts are in dispute, there is no error of law requiring reversal, and the evidence does not preponderate against the finding of the trial judge.

In May of 1996, the petitioner pleaded guilty to aggravated sexual battery and the trial court imposed a nine-year sentence. On December 18, 1998, the petitioner filed a petition for writ of habeas corpus. He alleged ineffective assistance of counsel in that trial counsel misinformed him that he would serve only thirty percent of his sentence when, in actuality, he maintains he will serve at least eighty-five percent. See Tenn. Code Ann. § 40-35-501(i) (no release eligibility for aggravated sexual battery committed on or after July 1, 1995). He contends that his plea was coerced because he was allowed only three minutes to consider the plea offer and that he was threatened with a twenty-five year sentence if he chose not to accept the offer. The petitioner asserts that the trial court erroneously accepted his guilty plea which was not supported by sufficient evidence.

The trial court summarily denied the petition for writ of habeas corpus, as follows:

> The petitioner alleges that the State and court contrived to "punish" defendant under their own agenda. Petitioner further alleges that he was denied effective assistance of counsel.
> The grounds alleged can be raised in the trial court, on direct appeal, or by post-conviction writ. None of the

2

allegations made by the petitioner are grounds for
habeas corpus relief.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment...." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments. See State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void ...." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the petitioner's sentence has not expired and the trial court did not lack jurisdiction. The petitioner pleaded guilty in 1996. If he began serving the sentence immediately after he was sentenced, his nine-year sentence would not expire until the year 2004. Moreover, the other claims asserted by the petitioner, including ineffective assistance of counsel and the involuntary nature of his guilty plea, if true, would render his sentence voidable rather than void. The evidence does not preponderate against the trial court's determination that the

3

petitioner's sentences have not expired and that the petitioner has failed to demonstrate that the trial court was without jurisdiction.

We decline to rule on any issue regarding parole eligibility. A challenge to the propriety of a release eligibility date or questions about parole or sentence credits have no bearing upon the validity of the convictions. Because the Department of Correction is an agency of the state government, questions such as these should be addressed through the Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-101 to -324. Thereafter, any judicial review must be initiated in the chancery court. Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tenn. Code Ann. § 4-5-323.

Accordingly, the judgment dismissing the writ of habeas corpus is affirmed pursuant to Rule 20.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
Norma McGee Ogle, Judge

4