924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin MURRY, Petitioner-Appellant,
v.
Billy COMPTON, Warden, Respondent-Appellee.
 No. 90-5547.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Calvin Murry is a pro se Tennessee prisoner who appeals the dismissal of his petition for a writ of habeas corpus. Cf. 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel concludes that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Murry received early release from a thirty year Tennessee sentence in 1984. However, Murry's parole was revoked in 1987 because of his failure to report to his parole officer. In his petition, Murry alleged that he was entitled to good time credits, honor time credits and prisoner performance sentence credits for the time that he was on the street before his parole was revoked.
 
 
 3
 His case was referred to a magistrate who recommended that the petition be denied because Murry had not exhausted his available state remedies. The district court adopted the magistrate's report and dismissed the petition by a judgment that was entered on April 3, 1990. It is from this judgment that Murry now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 The district court properly construed Murry's complaint as a petition for a writ of habeas corpus because it challenges the fact or duration of his confinement. See 28 U.S.C. Sec. 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Administrative exhaustion is not a per se requirement for state prisoners who are proceeding under Sec. 2254, even though they may have to initiate some administrative proceedings to ripen their claims for state judicial review. Nevertheless, the dismissal of Murry's petition was appropriate because he has not exhausted his state judicial remedies. See id. at 491-92.
 
 
 5
 Murry has challenged the revocation of his parole in the Tennessee state courts. However, the same claim, under the same theory, must be presented to the state courts to meet the exhaustion requirement. Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir.1987). In the instant case, Murry concedes that his current claim has not been presented to any state judicial forum.
 
 
 6
 Murry argues, however, that the exhaustion requirement does not apply because the computation of his sentence is an administrative rather than a judicial function. The district court correctly found that this argument was without merit. The court in Preiser specifically held that a prisoner must exhaust his available state judicial remedies before challenging the denial of good time credits in a federal habeas corpus proceeding under 28 U.S.C. Sec. 2254. Preiser, 411 U.S. at 491-92. State relief is still available to Murry via Tennessee's Administrative Procedure Act, Tenn.Code Ann. Secs. 4-5-223 and 4-5-224. Cf. Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn.Crim.App.1988).
 
 
 7
 Accordingly, Murry's request for counsel is hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.