# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

FRED J. BOWEN,          )
          )
     Petitioner,      )   C. C. A. NO. 02C01-9701-CC-00016
          )
vs.          )   LAKE COUNTY
          )
BILLY COMPTON, WARDEN,    )   No. 96-7506
          )
     Respondent.    )

**FILED**

April 17, 1997

**O R D E R**

Cecil Crowson, Jr.
Appellate Court Clerk

This matter is before the Court upon the state's motion to dismiss the above-captioned appeal. The petitioner filed a petition for writ of habeas corpus in the trial court claiming that his sentence has expired due to the miscalculation of certain sentencing credits. The petitioner was originally convicted of first degree murder and sentenced to death in 1970, but his sentence was subsequently commuted to ninety-nine years. The trial court denied the petition. The petitioner timely filed notice of appeal, and both the record and petitioner's brief have already been filed with this Court.

In its motion, the state argues that the trial court properly denied relief in this case because it does not appear from the face of the judgment or record that the petitioner's sentence has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The state further contends that the issue raised by the petitioner is not a proper consideration for habeas corpus relief, but rather must be challenged under the Uniform Administrative Procedures Act. We agree. See Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1988); State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986), perm. to appeal denied, (Tenn. 1987).

Accordingly, finding no error of law mandating reversal, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20,

Rules of the Court of Criminal Appeals. It is FURTHER ORDERED that counsel's motion to withdraw from further representation of the petitioner is denied. This order, however, does not preclude counsel from filing a motion pursuant to Rule 14, Rules of the Supreme Court.

Enter, this the ___ day of April, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE