# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE, 1997 SESSION

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES R. MILLER,               )
                              )    No.  03C01-9608-CR-00288
          Appellant,          )
                              )
vs.                           )    Hamilton County
                              )
STATE OF TENNESSEE,           )    Honorable Douglas A. Meyer, Judge
                              )
          Appellee.           )    (Post -Conviction)
                              )


FOR THE APPELLANT:                 FOR THE APPELLEE:

JAMES R. MILLER, #135058           JOHN KNOX WALKUP
South Central Correctional Facility    Attorney General & Reporter
Annex XF-134
P.O. Box 279                       KENNETH W. RUCKER
Clifton, TN 38425-0279             Assistant Attorney General
                                   Criminal Justice Division
                                   450 James Robertson Parkway
                                   Nashville, TN 37243-0493


OPINION FILED: _____


**AFFIRMED**


CURWOOD WITT
JUDGE

OPINION


The petitioner, James R. Miller, appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his "Petition for Breach of Bargaining Agreement." On March 7, 1996, Miller filed his pro-se petition in which he alleged that the state had breached his plea agreement by failing to release him from confinement when he had served the mandatory thirty percent as a Range I offender. The issue presented for review is whether the trial court correctly dismissed the petition without an evidentiary hearing because it was barred by the statute of limitations and because the petitioner requested relief which the trial court had no authority to grant. We affirm the judgment of the trial court.


The petitioner pled guilty to the aggravated rape of his minor daughter, incest, and assault and battery before the Honorable Russell C. Hinson on November 21, 1989. He was sentenced to an effective Range I sentence of eighteen years on March 11, 1990. This court affirmed his sentence in State v. James Robert Miller, No. 1185 (Tenn. Crim. App., Knoxville, June 18, 1991).[1] On January 14, 1995, the petitioner filed a petition for writ of habeas corpus in the Circuit Court for Wayne County in which he alleged that he was being illegally and unconstitutionally restrained because the parole board had denied him parole, that his guilty pleas were entered in violation of his constitutional rights, and that his counsel had been ineffective. The trial court dismissed the petition because it failed to state a valid claim for habeas corpus relief and for lack of subject matter jurisdiction to treat the petition as one for post-conviction relief. This court affirmed

---

[1] Miller did not file a petition for permission to appeal with our supreme court.

2

the trial court's judgment.  <u>James R. Miller v. State</u>, No. 01CO1-9505-CC-00152 (Tenn. Crim. App., Nashville, March 22, 1992).

The petitioner, acting on his own behalf, filed a document entitled "Petition for Breach of Plea Bargaining Agreement" on March 7, 1996 with the Hamilton County Criminal Court.  In this petition, he alleged that the parole board had violated his constitutional rights and breached the plea agreement when it denied him parole after he had reached his release eligibility date.  He also alleged that he had received ineffective assistance of counsel.  On March 18, 1996, Judge Douglas E. Meyer treated the petition as one for post-conviction relief and dismissed it without appointment of counsel or a hearing.  In his order, the trial judge found that the petition was time barred, that it covered matters previously determined, and that the petitioner had requested relief which the court had no authority to grant.  We need not address the latter findings because it is obvious that the statute of limitations bars this petition.

The new Post-Conviction Procedure Act governs this petition.  <u>See</u> Tenn. Code Ann. § 40-30-201 <u>et</u> <u>seq</u>. (Supp. 1996).  Effective May 10, 1995, new legislation replaced the prior act in its entirety.  <u>See</u> 1995 Tenn. Pub. Act 207, §§ 1 and 3.  Because this petition was filed in March of 1996, the most recent legislation replaced the former three-year limitation period with a one-year limitation:

> (a) . . . [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.  The statute of limitation shall not be tolled for any reason. . . .
>
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:

3

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-202 (Supp. 1996).

Because the conviction in this case became final on June 18, 1991, it was barred by the former three-year statute, see Acts 1986, ch. 634 §1, Tenn. Code Ann. § 40-30-102 (1990) (repealed May 10, 1995), as well as by the current one-year statute.

Our supreme court recently held that the Post-Conviction Procedure Act of 1995 did not revive previously expired post-conviction claims. Arnold Carter v. State, --- S.W.2d ---, No. 03-S-01-9612-CR-00117 (Tenn., Knoxville, Sept. 8, 1997). Moreover, the petitioner before us has presented no claim which would entitle him to untimely relief. See Tenn. Code Ann. § 40-30-206(g) (Supp. 1996); Burford v. State, 8445 S.W.2d 204 (Tenn. 1992). His claims are barred. The trial court did not err in dismissing his petition. Tenn. Code Ann. § 40-30-206(b) (Supp.

4

1996). As a result, we find no error of law requiring reversal. The lower court's judgment is affirmed.[2]

For the reasons set forth above, we conclude that the trial court properly dismissed the petition at issue in this appeal. We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge

_____

[2]    We also note that petitioner's claim that his plea bargain has been breached by the state's failure to grant him parole as of his release eligibility date is without merit. Parole is a privilege and not a right. Tenn. Code Ann. §§ 40-28-117(a) and 40-35-503(b). Release eligibility for a felon establishes only eligibility for release and is not an absolute right. Carl Ed Leming v. State, No. 03C01-9603-CC-00119 slip op. at 3. (Tenn. Crim. App., Knoxville, April 22, 1997). Moreover, parole board decisions are reviewable only by a petition for writ of certiorari which must be filed within sixty days, Thandiwe v. Traughber, 902 S.W.2d 802,804 (Tenn. Crim. App. 1994), and the action of the parole board in granting or denying parole is not reviewable if done according to law. Tenn. Code Ann. § 40-28-115(c)(1990). Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988).