## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JANUARY 1999 SESSION



FILED

April 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **MISTY LAVERNE ROBERTS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9803-CC-00124 |
| | ) | |
| vs. | ) | Hawkins County |
| | ) | |
| **DONAL CAMPBELL, Commissioner,** | ) | Hon. James E. Beckner, Judge |
| **and** | ) | |
| **FAYE CLAUDE, Sentence Manager,** | ) | (Sentence Reduction Credits) |
| | ) | |
| Appellees. | ) | |
| | ) | |

FOR THE APPELLANT:

**MISTY LAVERNE ROBERTS**
Pro Se
Special Needs Facility - 7A
7575 Cockrill Bend Ind. Rd.
Nashville, TN  37209-1057

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN  H. POLLACK**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General

**DOUG GODBEE**
Assistant District Attorney General
100 E. Main St., Ste. 201
Rogersville, TN  37857

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The petitioner, Misty Laverne Roberts, appeals from the trial court's dismissal for lack of subject matter jurisdiction of her "Motion for Contempt Proceedings."[1] The defendant is presently serving an effective 33-year sentence in the Department of Correction for her October 3, 1994 convictions of four counts of aggravated rape and one count of aggravated kidnapping. In her motion and on appeal, she claims that the named respondents have ignored the trial court's judgment as regards sentencing by incorrectly calculating her sentence and failing to correct the error once notified of it. She prays that the respondents be found in contempt pursuant to Code section 16-1-103 and Rule of Criminal Procedure 42(b) and that a writ of attachment issue against the respondents under Code section 29-6-101. Upon review of the record, the briefs of the parties, and the applicable law, we affirm the trial court's dismissal of the motion.

Roberts' complaint is with the Department's application of credits to her sentence. Generally, a trial court's authority regarding sentencing credits ends once the inmate enters the Department. Matthew P. Finlaw v. Anderson County Jail, No. 03C01-9212-CR-00048, slip op. at 4 (Tenn. Crim. App., Knoxville, Aug. 13, 1993). Tennessee law provides that an inmate who is aggrieved of the Department's calculation of her sentence should seek her remedy under the Uniform Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-101 to -325 (1998); see, e.g., Lonnie Williams v. Bruce McDonald, No. 02C01-9603-CR-00109, slip op. at 2-3 (Tenn. Crim. App., Jackson, Mar. 11, 1997); David A. Darnell v. Ricky Bell, No. 01C01-9508-CC-00275, slip op. at 2 (Tenn. Crim. App., Nashville, July 5,

---

[1]This filing is a novel one. It is not properly a petition for the writ of *habeas corpus* because there is no allegation that the petitioner's convictions are void or her sentence has expired. See Archer v. State, 851 S.W.2d 157 (Tenn. 1993). Moreover, it raises no claim that the conviction or sentence is void or voidable based upon constitutional shortcoming; as such, it is not a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-203 (1997).

2

1996); <u>Brigham v. Lack</u>, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). If the inmate seeks judicial review once a final agency determination has been made, she must initiate review in the Davidson County Chancery Court, rather than in the circuit court in which she was convicted. Tenn. Code Ann. § 4-5-225(a) (1998); <u>Brigham</u>, 744 S.W.2d at 471. Review of the chancery court's decision lies with the court of appeals, not this court. Tenn. Code Ann. § 4-5-323 (1998).

Subject matter jurisdiction over challenges of the sort made by the petitioner is conferred on entities other than the Hawkins County Circuit Court and the court of criminal appeals. Although this court and the circuit court do possess contempt powers, we know of no authority which would permit us to use those powers in an attempt to obtain jurisdiction where none exists.[2]

Accordingly, the trial court's dismissal of Roberts' motion is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____

[2] A 1998 enactment provided that "rule" under the UAPA does not include "[s]tatements concerning inmates of a correctional or detention facility." Tenn. Code Ann. § 4-5-102(10)(G). Under Code section 4-5-223, an individual may petition an agency for a declaratory order regarding "the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency." Notwithstanding the new subsection (10)(G), the "TOMIS Offender Sentence Letter" the petitioner received most closely resembles an "order." Tenn. Code Ann. § 4-5-102(7) (order determines legal rights, duties, privileges, immunities or other legal interests of an individual).

_____
GARY R. WADE, PRESIDING JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE

4