IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 2000 Session

**STEVE BARKER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Dyer County**
**No. C96-198     J. Steven Stafford, Judge**

---

**No. W1999-00544-CCA-R3-PC - August 4, 2000**

---

Petitioner appeals the denial of his petition for post-conviction relief. Prior to entering a guilty plea in the instant case, the petitioner had been sentenced to twelve years for other state convictions and a consecutive 105 months on federal charges. Petitioner entered a plea of guilty to the current charges, which included six counts of theft over $1,000 and one count of burglary, Class D felonies, and nineteen counts of aggravated burglary, Class C felonies. Pursuant to a negotiated agreement, the petitioner received an effective sentence of eighteen years as a Range I, standard offender. The agreement provided that this sentence would be served concurrently with both his prior state and federal sentences. The petitioner now claims that, but for counsel's ineffective assistance, he would not have pled guilty. Following a review of the record, we find trial counsel was not ineffective and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Thomas E. Weakley, Dyersburg, Tennessee, for the appellant, Steve Barker.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL BACKGROUND**

Prior to pleading guilty in the instant case, petitioner had received an effective twelve-year sentence for other state convictions and a consecutive 105-month sentence for a federal conviction. Pursuant to a negotiated plea agreement, the defendant pled guilty in Dyer County to six counts of theft over $1,000 and one count of burglary, Class D felonies, and nineteen counts of aggravated

burglary, Class C felonies. He received an effective eighteen-year sentence as a Range I standard offender. The agreement provided that this sentence was to be served concurrently with the prior state and federal sentences.

The petitioner now appeals the trial court's denial of post-conviction relief. He claims that due to Tennessee Department of Correction (TDOC) calculations, the plea agreement has been effectively invalidated. He contends that his trial counsel was ineffective in failing to learn of TDOC's method of calculation. He claims that if he had been properly informed of the potential for an extended period of incarceration, beyond that received under his prior state and federal convictions, he would not have pled guilty. We affirm the judgment of the trial court.

## STANDARD OF REVIEW

This court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Overton v. State</u>, 874 S.W.2d 6, 11 (Tenn. 1994); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990). The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>State v. Burns</u>, 6 S.W.3d 453, 462 (Tenn. 1999).

In <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part <u>Strickland</u> standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in <u>Hill</u> modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; <u>Hicks v. State</u>, 983 S.W.2d 240, 246 (Tenn. Crim. App.), <u>perm</u>. <u>app</u>. <u>denied</u> (Tenn. 1998).

## ANALYSIS

The petitioner contends his trial counsel was ineffective because he failed to ensure the plea agreement would be carried out as the parties intended. Since the eighteen-year sentence ran concurrently with the prior state and federal sentences, he claims the goal of the plea agreement was to ensure he would spend no further time in confinement on the current charges. However, he claims that TDOC bases his parole eligibility on the longest sentence he has in its system, which is eighteen years and not twelve years. Furthermore, petitioner claims federal authorities will not give him credit for time served until he is released from state custody and moved to a federal prison. Therefore, petitioner claims he now faces a potential of six additional years of incarceration above

that intended. Thus, he contends trial counsel should have confirmed with TDOC that his sentence would operate as the parties intended, and further claims he would not have pled guilty had he been informed he could face additional incarceration.

The trial court found the defendant's trial counsel rendered effective representation. The trial court noted it was without jurisdiction to address potential problems relating to serving the federal sentence. Furthermore, it held the defendant failed to show his state parole possibilities would actually be based upon eighteen years. The trial court also noted the petitioner had not established that he cannot receive federal credit until he is in federal custody. In summary, the trial court noted that the petitioner's arguments were merely speculative. We agree with the trial court's findings.

This court has held that erroneous parole eligibility advice by counsel may give rise to a claim of ineffective assistance of counsel. Walton v. State, 966 S.W.2d 54, 55 (Tenn Crim. App. 1997). However, unlike Walton, in the instant case, petitioner conceded trial counsel did not advise him he would be paroled within any specified period of time.

We conclude that petitioner received the exact sentences agreed upon, namely, twelve years (prior state sentences) plus a consecutive 105 months (prior federal sentence) with the instant eighteen-year sentence to run concurrently with both prior sentences. If petitioner feels aggrieved by the TDOC method of calculation of parole eligibility, the proper remedy is through the Administrative Procedures Act. See Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tray D. Turner v. State, No. 03C01-9902-CR-00088, 1999 WL 1081331, at *1 (Tenn. Crim. App., Knoxville, Dec. 1, 1999). As noted by the trial court, we will not speculate as to when federal authorities will take custody of petitioner, nor will we speculate as to how federal authorities will at some point in the future calculate credits toward its sentence. If petitioner feels aggrieved by the action taken or not taken by federal authorities, we assume he can seek relief in the appropriate federal forum. For these reasons, we conclude that petitioner has not established ineffective assistance of counsel, nor has he established that his plea was unknowing.

We also observe that petitioner was indicted on nineteen counts of aggravated burglary (Class C felonies), one count of theft over $10,000 (Class C felony), five counts of theft over $1,000 (Class D felonies), and one count of burglary (Class D felony). The transcript of the guilty plea reveals that the petitioner had "confessed to all these burglaries" and was at least a Range II offender facing six to ten years for each aggravated burglary, six to ten years for theft over $10,000, four to eight years for burglary, and four to eight years for each theft over $1,000. Furthermore, he faced the very real possibility of consecutive sentencing based upon his extensive prior criminal history. See Tenn. Code Ann. § 40-35-115(b)(2). Furthermore, the petitioner had just been sentenced to twelve years plus 105 months in other courts. Under these circumstances, counsel's ability to negotiate Range I sentences of eighteen-years concurrent with the prior sentences does not constitute ineffective assistance of counsel.

**CONCLUSION**

-3-

Based upon our review of the record, we conclude that the defendant's trial counsel rendered effective assistance during the plea negotiations and guilty plea proceeding. We further conclude that petitioner's guilty plea was knowingly and voluntarily entered. Thus, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE