IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## THEODORE R. POINTER, III v. JAMES DUKES, WARDEN

**Appeal from the Circuit Court for Davidson County**
**No. 00C-2231     Carol Soloman, Judge**

---

**No. M2000-02580-CCA-R10-CO - Filed March 11, 2002**

---

The petitioner filed a petition for writ of habeas corpus, alleging that the Department of Correction had wrongfully altered two judgment forms so as to require service of his sentences in prison rather than in the county workhouse. The trial court summarily denied the petition. Because the petitioner has failed to allege grounds that would warrant habeas corpus relief, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. DAVID G. HAYES, J., not participating.

Theodore R. Pointer, III, Henning, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Stephanie R. Reevers, Associate Deputy Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1996, the petitioner, Theodore R. Pointer, III, pled guilty to one count of theft between $10,000 and $60,000, a Class C felony. See Tenn. Code Ann. §§ 39-14-103, -105(4). The Davidson County Criminal Court sentenced the defendant as a Range II offender to 6 years in the county workhouse and ordered that the term be served consecutively to other sentences imposed in Wilson and Davidson Counties. In 1999, the defendant was convicted of Class D felony theft in Davidson County. The trial court imposed a 2-year term to be served in the workhouse but consecutively to all previous sentences.

On August 4, 2000, the petitioner filed a petition for writ of habeas corpus in the Davidson County Circuit Court. He alleged that the Department of Correction and the West Tennessee State Prison had altered the Davidson County theft judgments to provide for service of the sentences in prison rather than the workhouse. The petitioner contended that his two-year sentence had expired.

In September of 2000, the trial court summarily denied the petition, ruling that "'[h]abeas [c]orpus relief is available only to persons eligible for immediate release from custody.'"

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In our view, the trial court correctly denied the petitioner's request for habeas corpus relief. The petitioner does not allege that the Davidson County Criminal Court was without jurisdiction to convict or sentence him. Moreover, neither of the sentences has expired. The six-year Class C felony theft sentence was ordered to be served consecutively to at least two other sentences. Even if service of the sentence had begun on the day it was imposed, however, it still would not expire until June, 2002. The two-year Class D felony theft sentence was set to be served consecutively to the 6-year sentence and, likewise, has not expired. In short, the petitioner's allegations do not bear on the validity of the convictions. Because the Department of Correction is an agency of the state government, questions like this may be addressed through the Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -324. Thereafter, any judicial review begins in the chancery court. Tenn. Code Ann. § 4-5-323; Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE