# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## REGINALD D. HUGHES, PRO SE v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5771    Joe H. Walker, III, Judge**

---

**No. W2003-02486-CCA-R3-HC  - Filed March 19, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  A review of the record reveals that the Petitioner is not entitled to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Reginald D. Hughes, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On October 8, 1987, Petitioner Reginald D. Hughes was convicted of two counts of second-degree murder. *See State v. Reginald Dion Hughes*, No. 96, 1988 WL 132698, *1 (Tenn. Crim. App. at Jackson, Dec. 14, 1988), *perm. to appeal denied,* (Tenn. Apr. 3, 1989).  For these convictions, the trial court imposed consecutive terms of thirty years as a range I offender in the Department of Correction.  *Id.*  His convictions and sentences were affirmed on direct appeal.  *Id.*  Petitioner unsuccessfully sought post-conviction relief.  *See Reginald Dion Hughes v. State*, No. 02C01-9201-

1

CR-00005, 1992 WL 36851, * 1 (Tenn. Crim. App. at Jackson, Dec. 16, 1992), *perm. to appeal denied*, (Tenn. May 3, 1993). On September 4, 2003, Petitioner, proceeding *pro se*, sought habeas corpus relief in the Lauderdale County Circuit Court. Petitioner is currently confined at West Tennessee State Prison in Henning, Tennessee. In his application, Petitioner claims that his sentences are illegal, and therefore, void. Specifically, Petitioner contends that, according to TDOC records, he is classified as a range II, especially aggravated and persistent offender. In this regard, he alleges that the trial court was without authority to impose a thirty-year sentence, or, in the alternative, the Department of Correction is without authority to impose a forty percent release eligibility date. On September 8, 2003, the trial court denied habeas corpus relief, finding, in part,

> Petitioner's sentence has not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.

The record reflects that Petitioner filed a motion to rehear on September 23, 2003. The record is silent as to whether the trial court ruled upon this motion. A notice of appeal document was filed in the trial court clerk's office on October 10, 2003.

Initially, the State contends that the notice of appeal document was not timely filed and, thereby, this Court is without jurisdiction to entertain this appeal. Alternatively, the State has asked this Court to affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.

The notice of appeal document must be filed with the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. *See* Tenn. R. App. P. 4(a). The notice of appeal document was filed on October 10, 2003, 32 days from entry of the judgment of the trial court. Notwithstanding, papers filed by an incarcerated pro se litigant will be deemed to be timely filed if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. *See* Tenn. R. Crim. P. 49(c). Should timeliness become an issue, the burden is on the pro se litigant to establish compliance with this provision. *Id.* Although the certificate of service attached to the notice of appeal document reflects that the notice was placed in the prison mail system on October 7, 2003, we conclude that this handwritten certificate is insufficient for the Petitioner to overcome his burden in this case. Notwithstanding this failure, the notice of appeal document is not jurisdictional in criminal cases and the filing of such document may be waived in the interest of justice. *See* Tenn. R. App. P. 4(a). Thus, we elect to review the trial court's order denying relief.

Habeas corpus relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S .W.2d 157, 164 (Tenn. 1993). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. Petitioner alleges that the range I thirty year sentences imposed by the trial court are illegal because the Department of Correction has him classified with a forty percent release eligibility date, as a persistent and especially aggravated offender. Although there does appear to be a conflict with the range I sentence imposed by the trial court and the Department of Correction classification of Petitioner as a range II especially aggravated offender, this issue is not

a cognizable claim for habeas corpus relief. Any challenge to a Department of Correction classification regarding release eligibility has no bearing upon the validity of the convictions. *See Terry W. Holtsclaw v. State,* No. 03C01-9904-CR-00143, 1999 WL 552881, *2 (Tenn. Crim. App. at Knoxville, May 4, 1999). Because the Department of Correction is an agency of the state government, questions such as these should be addressed through the Administrative Procedures Act. *Id.* (citing Tenn. Code Ann. §§ 4-5-101 to -324). Thereafter, any judicial review must be initiated in the chancery court. Id. (citing *Brigham v. Lack,* 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tenn. Code Ann. § 4-5-323).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE