IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2005

## JONATHAN MALCOLM MALONE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**Nos. 51899 and 52140    Don R. Ash, Judge**

_____

**No. M2004-02826-CCA-R3-CO - Filed June 6, 2005**

_____

The Defendant, Jonathan Malcolm Malone, pled guilty to several offenses in two separate cases, the second of which was for an offense committed while he was out on bail for the first offenses. The trial court sentenced him to consecutive sentences, and awarded pretrial jail credit towards the sentences in the first case. The Defendant petitioned for the jail credit to be applied toward the sentence in his second case, and the trial court denied his request. The Defendant now appeals. Because we have concluded that the Tennessee Rules of Appellate Procedure do not provide the Defendant a Rule 3 Appeal as of Right, we dismiss the Defendant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Circuit Court Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA McGEE OGLE and ALAN E. GLENN, JJ., joined.

Jonathan Malcolm Malone, pro se.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; and William C. Whitesell, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On March 12, 2002, in case number 51899, the Defendant pled guilty to two counts of the sale of less than .5 grams of cocaine, one count of the sale of .5 grams or more of cocaine, and two counts of conspiracy to sell cocaine. On May 2, 2002, in case number 52140, the Defendant pled guilty to one count of statutory rape, a crime he committed while out on bail in case 51899. On the same day, the trial court sentenced the Defendant in both cases. In case 51899, the trial court sentenced the Defendant to an effective sentence of nine years, and the judgment forms reflect that the trial court gave the Defendant 240 days of pretrial credit on his sentences. In case 52140, the trial court sentenced the Defendant to one year in prison, and it ordered that the sentence in case 52140 run consecutive to the sentences in case 51899. The judgment form reflects that the Defendant

received no pretrial credit for his sentence in case 52140.

On August 18, 2004, the Defendant made inquiry to the Department of Correction and received notification that the sentence credits would not be applied to case 52140. Subsequently, the Defendant filed a petition in the Rutherford County Circuit Court, petitioning the court to correct the "clerical mistake" on his judgment form and apply the 240 days pretrial jail credit to his sentence in case number 52140. The trial court denied and dismissed the Defendant's petition, stating:

> On September 28, 2004, [the Defendant] filed a petition for credit of time served awaiting trial and execution of judgment. . . . The Sentences in cases 51899 and 52140 were ordered by the Court to run consecutively with jail credit to be applied. In his petition, the [Defendant] alleges that his jail credit was to be applied to each of the ordered sentences.
>
> The Tennessee Court of [Criminal] Appeals has found that a defendant incarcerated prior to a trial who receives consecutive sentences is only allowed pretrial jail credits to be applied toward the first sentence. . . . In the case of the [Defendant], the Department of Corrections has applied the pretrial jail credit to the correct sentence.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it: (1) failed to apply the requested jail credits to case number 52140; and (2) made a substantive ruling on the Defendant's petition, because it had jurisdiction only to make a ruling on clerical error. The State counters that the appeal should be dismissed because: (1) the Defendant is not entitled to an appeal as of right; and (2) the case does not merit a writ of certiorari. After a thorough review of the record and authorities, we agree with the State.

The Defendant's argument is primarily based on the "clerical mistake" rule, under Rule 36 of the Tennessee Rules of Criminal Procedure. Rule 36 states, "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time . . . ." Thus, the trial court would have had jurisdiction to correct a clerical mistake on the judgment forms even though the judgment had become final.

Initially, we note that the Defendant does not have an appeal as of right from his petition for credit for time served. Rule 3(b) of the Tennessee Rules of Appellate Procedure governs the circumstances in which a defendant has an appeal as of right. Rule 3(b) reads:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court

or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if [certain specified circumstances exist]. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (2003). The judgment at issue in this case is not "a judgment of conviction, . . . an order denying or revoking probation, [or] a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Thus, the trial court's judgment dismissing the Defendant's petition is not covered by Rule 3, and the Defendant does not have an appeal as of right. See State v. Greg Smith, No. E2003-01092-CCA-R3-CD, 2004 WL 305805 (Tenn. Crim. App., at Knoxville, Feb. 18, 2004), *no perm. app. filed*.

Assuming, *arguendo*, that the Defendant was entitled to an appeal, he would still not be entitled to the relief that he seeks. The trial court implicitly determined that there were no clerical mistakes on the judgment form. The Defendant argues that the mistake is clear from the trial court's handwritten notes on the docket sheet from the Defendant's plea submission date. The trial court was in the best position to review its own notes and determine what it had intended when making these notes. This issue is without merit.[1]

The Defendant further contends that the trial court erred in making a ruling on substantive error. In implicitly stating that there was no clerical error, the trial court also explained that there was no substantive error because the Defendant was not entitled to jail credits on his sentence in case 52140. Although the trial court was correct in its determination that the Defendant is not entitled to apply his pretrial credit to the sentence in case number 52140, we note that, "Generally, once an inmate is in the custody of DOC, the proper avenue to address sentence reduction credits is through the Administrative Procedures Act (APA)." State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997); see Tenn. Code Ann. § 4-5-101, et seq. (2003). In the Defendant's case, there is some evidence that he began to seek redress through the APA. However, any judicial review under the APA must be in the Chancery Court for Davidson County. See Tenn. Code Ann. § 4-5-322(b)(1); Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). Thus, we are further compelled to dismiss the Defendant's appeal.

---

[1]The Defendant also briefly asserts that the award of pretrial credit was a part of his plea agreement in case number 52140. Without discussing in detail the procedural and substantive issues of his claim, we note that the Defendant has failed to include in the record on appeal any evidence to support this claim. "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); see State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Generally, when the appellate record is inadequate, the appellate court is precluded from considering the issue, and the trial court's ruling is presumed correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Matthews, 805 S.W.2d 776, 748 (Tenn. Crim. App. 1990); State v. Roberts, 755 S.W.2d at 836.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, the Defendant's appeal is dismissed.

_____
ROBERT W. WEDEMEYER, JUDGE