# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## MAY 1998 SESSION

KEITH WOOTEN,                          )
                                       )
    Petitioner,                )   C. C. A. NO. 02C01-9708-CC-00330
                                       )
vs.                                    )   LAKE COUNTY
                                       )
DONAL CAMPBELL,                        )   NO. 97-7633
COMMISSIONER, T.D.O.C., ET AL.,        )
                                       )
    Respondent.                )

FILED

May 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This is an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record reflects that in 1989 the petitioner was convicted on two counts of armed robbery and was sentenced to thirty-five years on each count. These sentences were run concurrent with one another, concurrent with a previous ten year sentence for armed robbery, and consecutive to two separate four year sentences for grand larceny. The petitioner was paroled from prison in May 1991. The Parole Board was apparently unaware of the petitioner's thirty-five year sentence for armed robbery when it authorized the petitioner's release. Upon discovery of its error, the Parole Board issued a warrant for the petitioner's arrest in September 1991. In November 1991, the petitioner was also convicted on two counts of aggravated burglary and received two concurrent three year sentences to be served consecutively to the thirty-five year sentence for armed robbery. The petitioner thereafter filed a petition for a writ of habeas corpus in the trial court claiming, in part, that the Parole Board improperly revoked his parole without a hearing. Finding that the petitioner's sentences are not void and have not expired, the trial court denied the petition.

On appeal,[1] the petitioner contends that the Parole Board was without authority to place the petitioner back in prison. The petitioner also seems to suggest

---

[1] Although it appears the notice of appeal was filed late, we have decided to waive the timely filing in this case. T.R.A.P. 4(a).

that his thirty-five year sentences have expired because they were ordered to run concurrent with his previous armed robbery conviction, which was reduced from forty to ten years after the imposition of his thirty-five year sentences. The petitioner, therefore, claims the trial judge should have granted his petition.

The state argues that the trial court properly denied relief in this case because it does not appear from the face of the judgment or record that the petitioner's sentences have expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The record clearly reflects that the petitioner's thirty-five year sentences for armed robbery have not expired. The petitioner's argument to the contrary is without merit. Nor is there anything before us which shows that the convicting courts were without jurisdiction to render the judgments. Id.

The state further contends that the issue regarding the authority of the Parole Board to arrest the petitioner is not a proper consideration for habeas corpus relief, but rather must be challenged under the Uniform Administrative Procedures Act. We agree. See Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1988). See also State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986), perm. to appeal denied, (Tenn. 1987).

Accordingly, finding no error of law mandating reversal, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this proceeding are taxed to the petitioner.

Enter, this the ___ day of May, 1998.

2

_____
THOMAS T. WOODALL, JUDGE


`

_____
JOHN H. PEAY, JUDGE


_____
PAUL G. SUMMERS, JUDGE

3