FILED

07/16/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 23, 2019

**STATE OF TENNESSEE v. ASHTON MONTRELL JONES**

**Appeal from the Circuit Court for Hardeman County**
**No. 12-CR-72       J. Weber McCraw, Judge**

_____

**No. W2018-01845-CCA-R3-CD**

_____

Defendant, Ashton Montrell Jones, appeals from the trial court's order denying Defendant's Tennessee Rule of Criminal Procedure 36 motion ("Rule 36 motion") to correct a clerical error in a community corrections revocation order. The trial court summarily denied the motion without an evidentiary hearing on the sole basis of "lack of jurisdiction." Under the particular circumstances of this case, we reverse the trial court's order and remand to the trial court for proper consideration of the motion.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Ashton Montrell Jones, Tiptonville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 12, 2012, Defendant pled guilty in the Circuit Court of Hardeman County to one count of aggravated burglary, one count of burglary, and one count of being a convicted felon in possession of a handgun. He received an effective sentence of seven years, to be served in community corrections after 180 days incarceration, decreased by 102 days of jail credit.

From April 12, 2012 through the date of the revocation order which is the subject of this appeal, multiple revocation petitions were filed. Various multiple revocations

were ordered with some incarceration, and with placement back on community corrections. Credit for both time spent in community corrections in compliance with the rules of his sentence, and for jail credits for days spent incarcerated pending court hearings was awarded to Defendant.

The order which is the subject of this appeal reflects that the community corrections sentence as to the effective sentence of seven years was revoked, and the sentence was ordered to be served by incarceration. The trial court ordered that Defendant was entitled to 474 days credit for time spent in compliance of all rules of community corrections, plus 477 days of credit for time spent in jail awaiting hearings.

In his Rule 36 motion Defendant acknowledges that he is entitled to the amount of 951 days credit reflected in the revocation order of August 12, 2016. However, the essence of his *pro se* motion is that because of a clerical error, he was deprived of credit for time he spent in jail awaiting disposition of the last revocation petition. He asserts that he is entitled to an additional credit of 492 days, pursuant to Tennessee Code Annotated section 40-23-101(c), from April 8, 2015 through the date of the revocation order, August 12, 2016. The record indicates that the bench warrant executed for Defendant as a result of the pertinent petition to revoke his community corrections sentence was executed by an officer on April 8, 2015. This is consistent with Defendant's allegation that he was placed in custody on April 8, 2015. The initial bond was set at $100,000.00.

On April 17, 2015, another petition to revoke was filed alleging commission of new offenses pending in General Sessions Court, but neither the date of the offenses, nor the date of his arrest for the new charges are stated. The petition did set forth that he was incarcerated in the McNairy County Jail, rather than the Hardeman County Jail, for the new offenses.

Also, Defendant was on community corrections for cases in two separate indictments. The sentences involved in this appeal are in indictment number 2012-CR-72, imposed when he pled guilty on April 12, 2012. Defendant committed a new offense on October 18, 2012, possession of a weapon by a convicted felon, and this charge led to a violation of his community corrections sentence in indictment number 2012-CR-72. The new charge is in indictment number 2013-CR-62. According to the record, on May 9, 2013, Defendant's community corrections sentence in indictment number 2012-CR-72 was revoked and "resentenced to begin anew." On the same day, Defendant pled guilty to the charge in number 2013-CR-62, and he was sentenced to community corrections for two years consecutive to the sentence in number 2012-CR-72.

The two petitions to revoke community corrections filed December 17, 2014, and April 26, 2015, the orders for two capiases to be issued, and each capias had both trial court docket numbers, but the order which Defendant says should be corrected pertains *only* to case number 2012-CR-72.

Our disposition of his case is a result of the trial court's findings and conclusions contained in its order denying the motion. The order denying the Rule 36 motion lists only case number 2012-CR-72, which is consistent with the order revoking community corrections, but, as indicated above, it is inconsistent with the petitions for revocation, orders authorizing capias, and the capiases/warrants issued, all of which pertained to both case numbers.

The entire order is as follows:

ORDER DENYING MOTION TO CORRECT JUDGMENT
PURSUANT TO RULES OF CRIMINAL PROCEDURE,
RULE 36, DUE TO CLERICAL MISTAKES

This case came to be heard September 4, 2018, on the paper writing styled "Motion to Correct Judgment Pursuant to Rules of Criminal Procedure, Rule 36, Due to Clerical Mistake" filed by [Defendant], and the record as a whole.

FROM ALL OF WHICH THE COURT FINDS that petitioner complains the *Department of Correction will not give proper jail credits. Upon review, it appears that [Defendant] has earned certain sentence credits as shown by the Courts Order, and those credits may not properly appear on the paperwork of Department of Correction.* A challenge to the propriety of a release eligibility date or questions about parole or sentence credits *have no bearing upon the validity of the conviction.* Questions such as this, because the Department of Correction is an agency of the state government, should be addressed through the Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-101 to -324. Thereafter, any judicial review must first be in the Chancery Court of Davidson County, in Nashville. *Brigham v. Lack,* 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Tenn. Code Ann. § 4-5-323.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the paper writing styled "Motion to Correct Judgment Pursuant to

Rules of Criminal Procedure, Rule 36, Due to Clerical Mistake" *is hereby denied for lack of jurisdiction*.

ENTERED his 4th day of September, 2018

/s/ J. Weber McCraw, Judge
J. Weber McCraw, Judge

(Emphasis added).

We have carefully reviewed Defendant's motion. Contrary to what the trial court found, Defendant did not complain that the Department of Correction was failing to give him proper jail credits. The motion plainly sets forth that there was a clerical error by the trial court in its order of August 12, 2016, by omission of jail credits to which he was entitled in case number 2012-CR-72 for incarceration from April 8, 2015 through August 12, 2016. Defendant did attach to his Rule 36 motion Department of Correction data pertaining to his sentence as an exhibit, but it was to show how he has been affected by a clerical error in the order.

Furthermore, even though the trial court's order denying the motion includes the correct legal conclusion that challenges to sentence credits "have no bearing upon the validity of the conviction," the trial court's reliance upon this to deny the motion is puzzling. Defendant does not assert that his conviction is invalid. Also, the trial court's error in framing the motion as a complaint on how the Department of Correction is applying the sentence credits set forth in the order caused the trial court to erroneously dismiss the motion based upon a "lack of jurisdiction."

Finally, we note that in the order denying the motion, the trial court included its finding that based upon its review of the record, "it appears that [Defendant] has earned certain sentence credits as shown by the Court[']s Order, and those credits may not properly appear on the paperwork of [the] Department of Correction." We are unable to determine which order the trial court was referring to, or whether the trial court was referring to an omission of sentence credits by the trial court.

In any event, it is clear that the trial court failed to correctly address the assertions by Defendant and the basis of his claim. The trial court relied upon an improper legal standard to deny the claim based upon the conclusion that the "validity of the conviction" could not be challenged even though Defendant did not challenge the validity of his convictions. Finally, the trial court erroneously dismissed the motion based upon the erroneous conclusion that the trial court did not have jurisdiction to rule on a Rule 36 motion.

In his appellate brief, Defendant sets forth his argument that a clerical error of omission by the trial court denied him pre-sentence jail credits for the period of incarceration from April 8, 2015 to August 12, 2016.

The State argues that Defendant did not attach a transcript of the revocation hearing held August 12, 2016, and without that, there is no way to determine if the trial court verbally ordered jail credit for April 8, 2015 through August 12, 2016, which was not included in the order of revocation due to a clerical error. Also, the State correctly argues that the record shows additional new charges with April 2015 court dates. The State asserts that a transcript would be necessary to show that Defendant was not incarcerated for the new charges instead of the petition to revoke his community corrections sentence.

**Analysis**

Tennessee Rule of Criminal Procedure 36 states as follows:

> **Rule 36.  Clerical Mistakes.** – After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, *and errors in the record arising from oversight or omission.* Upon filing the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.  (Emphasis added).

In *Cantrell v. Easterling*, 346 S.W.3d 446 (Tenn. 2011), our supreme court quoted from an unreported decision of the Tennessee Court of Criminal Appeals wherein the Court set forth the proper use of Rule 36 to correct an error in sentencing,

> In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing *or other papers filed in connection with the proceedings* which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under clerical error rule after it has become final.

> *State v. Thomas*, C.C.A. No. 03C01-9504-CR-00109, 1995 WL 676396,
> at *1 (Tenn. Crim. App. Nov. 15, 1995).

*Cantrell*, 346 S.W.3d at 449 n. 2 (emphasis added).

The State argues that there is nothing in the record to support Defendant's claim that there is a clerical error in the order revoking community corrections, primarily relying upon the fact that the incarcerated Defendant did not provide a transcript of the revocation hearing. Relying on *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015), the State asserts that the transcript is the most reliable way to determine whether the sentence ordered at the hearing is the same as the sentence recorded in the judgment or order.

Notwithstanding the State's argument, the trial court's order denying the Rule 36 motion and other portions of the record discussed above requires a reversal of the trial court's order and remand for further proceedings.

The trial court's decision on a Rule 36 motion is reviewed for an abuse of discretion. *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CD, 2014 WL 902450, at *3 (Tenn. Crim. App. March 7, 2014). "An abuse of discretion occurs when [a] trial court applies an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006)). The standard recognizes that the trial court's discretion "'is to be guided by sound legal principles.'" *Id*. (quoting Martha S. Davis, Standard of Review; Judicial Review of Discretionary Decisionmaking, 2 J. App. Prac. & Process 47, 58 (2000)).

The trial court's erroneous interpretation of Defendant's claims in his motion, the erroneous conclusion that the motion could not be used to attack the validity of the conviction when Defendant did not ask for that relief, and the dismissal of the Rule 36 motion because of a "lack of jurisdiction" based upon the erroneous findings and legal conclusions meets the test to show an abuse of discretion.

Our review of the motion, as indicated above, reveals that Defendant alleges that because of a clerical error, as defined in Rule 36, Defendant's jail credits for April 8, 2015 through August 12, 2016 were omitted from the revocation order entered August 12, 2016. That is the sole issue presented. The record indicates the motion was summarily dismissed without a response filed by the State or an evidentiary hearing. Upon remand, if Defendant desires to file a transcript of the revocation hearing, he should

be given ample time to do so.  If indigent, he can request the trial court to order a transcript of the hearing to be prepared.  The State should file a response to the motion.

Also, the fact that the trial court indicated in its order that Defendant, for some undisclosed reason, might be failing to receive all his jail credits is an additional reason we are remanding the case for further proceedings.  Finally, it is not clear if any disposition in case number 2013-CR-62 was made in the revocation hearing, or what effect that may have on proper jail credits.

## CONCLUSION

For the reasons set forth, the order denying the Rule 36 motion is reversed, and the matter is remanded for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE