IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## RICKEY HOGAN v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6053      Joseph H. Walker, Judge**

---

**No. W2006-01199-CCA-R3-HC  - Filed March 15, 2007**

---

Petitioner, Rickey Hogan, appeals the order dismissing his petition for a writ of habeas corpus, raising two issues:  (1) whether his concurrent, forty-year sentences, imposed in 1985 for robbery with a deadly weapon and second degree murder, are void; and (2) whether the Department of Correction has miscalculated the expiration date of his sentences.  Following our review, we affirm the habeas corpus court's order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Rickey Hogan, Henning, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This is Petitioner's second *pro se* petition for a writ of habeas corpus; his first was ultimately adjudicated by the Tennessee Supreme Court.  *See Hogan v. Mills*, 168 S.W.3d 753 (Tenn. 2005). The following procedural history was redacted from our high court's opinion in that case:

> In 1981, the petitioner . . . pleaded guilty to robbery and received a five-to-ten year sentence.  In 1985, [he] pleaded guilty to second degree murder and robbery with a deadly weapon.  He received concurrent forty-year sentences for the 1985 convictions.

> In 2003, [Petitioner] filed a pro se petition for writ of habeas corpus. . . .  The petition may be read to allege that the 1985 sentences are illegal because they run concurrently with each other or because they run concurrently with the 1981

sentence. [Petitioner] attached various documents to his petition supporting his assertion that he was on parole for his 1981 conviction when he committed the offenses resulting in his 1985 convictions. These documents indicate that after the 1985 convictions the Board of Paroles declined to impose the balance of the sentence for the 1981 conviction.

The trial court summarily dismissed [Petitioner's] petition. [Petitioner] appealed the dismissal. The Court of Criminal Appeals held that concurrent sentences for his 1985 convictions would directly contravene Tennessee Rule of Criminal Procedure 32(c)(3) and, therefore, would be illegal if [Petitioner] was on parole when he committed these offenses. The intermediate appellate court reversed the trial court's judgment and remanded the case to determine whether the records of [Petitioner's] 1985 convictions contain satisfactory proof that [Petitioner] was on parole when he committed these offenses.

*Id*. at 754-55.

The supreme court reversed this court's judgment, holding that Petitioner's sentences were not illegal and that he was not entitled to habeas corpus relief "when: (1) the trial court imposed concurrent sentences for two offenses committed by the petitioner while on parole; [or when] (2) the trial court failed to order these new sentences to be served consecutively to the remaining sentence for the paroled offense." *Id*. at 754. More specifically, the court found that Rule 32(c)(3)(A) does not mandate that his 1985 sentences be served consecutively to one another because they were committed while on parole for the 1981 offense and that as the 1985 judgments did not explicitly state that the forty-year sentences must be served concurrently with the 1981 sentence, they are "at most voidable and not void." *See id*. at 756–57.

Petitioner filed the present petition on May 19, 2006, asserting three grounds for habeas corpus relief. The first is essentially identical to the argument presented in his original petition – that his 1985 sentences violate Tennessee Code Annotated section 40-28-123(a) and Rule 32(c)(3)(A) of the Tennessee Rules of Criminal Procedure because he was on parole for the 1981 offense when the 1985 offenses were committed, and thus the 1985 sentences must be served consecutively to the 1981 sentence.

Secondly, he asserts that the Department of Correction has miscalculated the expiration date of his sentence, "under orders of the Parole Board," and because of its miscalculation, he is being held beyond the expiration date of his sentence. Lastly, in an interrelated argument, he contends that the Department of Correction has illegally altered the length of his sentence.

On May 23, 2006, the habeas corpus court summarily dismissed his petition, ruling that his first ground for relief had been previously adjudicated. As for his second and third grounds for relief, the habeas corpus court found that, based on the face of his judgments, his sentences have not

expired and that his claims relating to the proper calculation of his sentence must be brought under the Uniform Administrative Procedures Act.

## ANALYSIS

The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *see also Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing by a preponderance of the evidence that a judgment is void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in *State v. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998) (no Tenn. R. App. P. 11 application filed).

The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." *Archer*, 851 S.W.2d at 164 (citation omitted). Whether relief should be granted is a question of law which this court reviews *de novo. Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

On appeal, Petitioner argues that the habeas corpus court erred by summarily dismissing his petition and essentially puts forth the same arguments presented to that court. However, we agree with the reasoning of the habeas corpus court on all counts. Petitioner's argument regarding the integrity of his 1985 judgments was previously adjudicated by our supreme court. *See Hogan*, 168 S.W.3d at 757. Moreover, a petition for a writ of habeas corpus is not the proper remedy for his complaints regarding the Board of Paroles' calculation of his sentences or the implementation thereof by the Tennessee Department of Correction because, as previously stated by this court,

> [t]he sole remedy available when a prisoner alleges that the Board of Paroles has acted improperly is to file a writ of certiorari in the Chancery Court of Davidson County. *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). If the petitioner claims that the Tennessee Department of Correction has incorrectly calculated his sentences or incorrectly interpreted the action of the Board of Paroles, the appropriate remedy is found under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 4-5-101 *et seq.* (1991).

*Robert L. Ferrell v. State*, No. 01C01-9610-CR-00454, 1997 WL 578999, at \*1 (Tenn. Crim. App. Sept. 19, 1997) (no Tenn. R. App. P. 11 application filed); *see also Max Deberry v. Ed Gore*, No. W2003-02679-COA-R3-CV, 2004 WL 2609193, at \*2 (Tenn. Ct. App., at Jackson, Nov. 17, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005).

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the habeas corpus court's order of dismissal.

_____
THOMAS T. WOODALL, Judge