IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## MICHAEL HOOPER v. STEVEN DOTSON, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Hardeman County
No. 07-02-0253     Joe H. Walker, III, Judge**

**No. W2007-02098-CCA-R3-HC  - Filed August 22, 2008**

The Petitioner, Michael Hooper, appeals the trial court's denial of his petition for habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Michael Hooper, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On October 3, 1990, the Petitioner, Michael Hooper, was paroled by the Tennessee Board of Probation and Parole from sentences resulting from 1989 judgments of conviction.  While on parole, the Petitioner committed numerous felonies in the State of Tennessee and in the State of Georgia.   After the Petitioner was arrested on these new offenses, a parole violation warrant was issued for the Petitioner. On January 15, 1993, the Petitioner entered guilty pleas in McMinn County to one count of robbery, one count of aggravated burglary, and one count of theft over $1,000.  On

this same date, the Petitioner entered guilty pleas in Bradley County to two counts of aggravated burglary and one count of theft over $1,000. For these convictions, the Petitioner received an effective sentence of twelve years for the McMinn County convictions and an effective ten-year sentence for the Bradley County convictions. The Bradley County sentences and McMinn County sentences were to be served concurrently with the other. These Tennessee sentences were ordered to be served concurrently with an effective thirteen year sentence resulting from the two Georgia convictions. The Petitioner previously sought habeas corpus relief, but was unsuccessful. *See Michael Hooper v. Steven Dotson, Warden*, No. W2006-01290-CCA-R3-HC (Tenn. Crim. App., at Jackson, Apr. 25, 2007), *perm. to appeal denied,* (Tenn., Aug. 13, 2007).

The Petitioner alleges that, on October 7, 2005, after serving thirteen years in the Georgia Department of Correction, he was released from confinement. Upon his discharge, he was charged as a fugitive from justice and held by local authorities until his return to Tennessee as a parole violator pursuant to the November 20, 1991, parole violation warrant. The Tennessee Board of Probation and Parole decided to apply section 40-28-122 and 40-28-123, Tennessee Code Annotated. This decision required the Petitioner to serve the remainder of his sentence paroled from before commencing serving the new sentences received in 1993 for felonies committed while on parole. On November 3, 2005, the Petitioner first became aware of the statutory effect of section 40-28-123(a), Tennessee Code Annotated. That is, he asserts that, contrary to his plea agreement and as imposed by the convicting court, his agreed sentences could not be served concurrently. In other words, because his 1993 Tennessee sentences had to be served consecutive to his 1989 Tennessee sentences, the 1993 Tennessee sentences could not be served concurrent with his Georgia sentences by virtue of his place of confinement.

On August 7, 2007, the Petitioner filed, in the Hardeman County Circuit Court, a petition for habeas corpus relief. As grounds for relief, the Petitioner alleged that the plea agreements were illegal as the terms of the agreements, *i.e.*, concurrent sentences with the Petitioner's outstanding Georgia sentences, could not be honored by the State of Tennessee, violated the terms of section 40-28-123(a), Tennessee Code Annotated. On August 13, 2007, the lower court denied the Petitioner habeas corpus relief.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that this Court has previously affirmed the denial of habeas corpus relief to the Petitioner on the issue of whether the Petitioner was improperly sentenced to concurrent sentences while on parole. Additionally, the State contends that the Petitioner's claim that he would not have entered guilty pleas had he known about the statutory mandate of section 40-28-123(a), Tennessee Code Annotated. Accordingly, the State claims that the Petitioner has failed to show that the judgments are void or that his term of imprisonment has expired.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness.

2

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993); *Poets v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor,* 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor,* 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar,* 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State,* 891 S.W.2d 619 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman,* No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner is not entitled to habeas corpus relief. The judgments for the Petitioner's 1993 Tennessee convictions are silent as to whether the sentences were to be served concurrently or consecutively to his prior sentences stemming from his 1989 Tennessee convictions. The 1993 judgments do not reference the Petitioner's prior Tennessee convictions or parole status. "Both Tennessee Code Annotated section 40-28-123(a) and Rule 32(c)(3)(A), [Tennessee Rules of Criminal Procedure], require that sentences for felonies committed while on parole be served consecutively to the sentence remaining for the paroled offense." *Hogan v. Mills,* 168 S.W.3d 753, 756 (2005). Significantly, "Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence 'whether the judgment explicitly so orders or not.'" *Id.* Regardless of the fact that the Petitioner's 1993 judgments are silent, it is presumed that the Petitioner must serve his 1993 Tennessee sentences consecutive to the prior Tennessee sentences. In this regard, the judgments of conviction do not reflect an illegal sentence upon which habeas corpus relief may be granted. Additionally, the Petitioner has not established that concurrent service of the sentences was a bargained for element of the plea agreement. *See Summers v. State*, 212 S.W.3d 251 (Tenn. 2007). Accordingly, we conclude that the lower court's summary dismissal of the Petitioner's habeas corpus petition was proper because no illegality is evident on the face of the judgments.

Additionally, the Petitioner is reminded that any complaint as to the Board of Paroles' calculation of his sentences or the implementation thereof by the Tennessee Department of Correction is not well-taken because, as previously stated by this Court,

> [t]he sole remedy available when a prisoner alleges that the Board of Paroles has acted improperly is to file a writ of certiorari in the Chancery Court of Davidson County. *Brigham v. Lack,* 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). If the petitioner claims that the Tennessee Department of Correction has incorrectly calculated his sentences or incorrectly interpreted the action of the Board of Paroles, the appropriate remedy is found under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 4-5-101 *et seq.* (1991).

*Robert L. Ferrell v. State,* No. 01C01-9610-CR-00454 (Tenn. Crim. App. Sept.19, 1997) (no Tenn. R. App. P. 11 application filed); *see also Max Deberry v. Ed Gore,* No. W2003-02679-COA-R3-CV (Tenn. Ct. App., at Jackson, Nov. 17, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005).


When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**JOHN EVERETT WILLIAMS, JUDGE**