IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

## ERIC THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 5288    Monte D. Watkins, Judge

### No. M2018-01153-CCA-R3-HC

The Petitioner, Eric Thomas, appeals the Davidson County Criminal Court's denial of his third petition for habeas corpus relief challenging his 1999 convictions for robbery and the resulting thirty-two-year and one-day sentence. He contends that he is being illegally detained because amended judgments of convictions were never entered following resentencing and that absent entry of valid judgment forms imposing his restraint, his six-year sentences have expired. The habeas corpus court concluded that the Petitioner had failed to state a cognizable claim for relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Eric Thomas, Tiptonville, Tennessee, Pro Se (on appeal); and Manuel Benjamin Russ (elbow counsel), Nashville, Tennessee, for the appellant, Eric Thomas.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord and Clark B. Thornton, Senior Assistant Attorneys General; Glenn R. Funk, District Attorney General; and Andrea Green, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
FACTUAL BACKGROUND

In 1997, the Petitioner was indicted on three counts of robbery and two counts of aggravated robbery. The State agreed to reduce the aggravated robbery charges to robbery. The Petitioner went to trial on the first charge and was found guilty on January 29, 1999. On April 1, 1999, the Petitioner was sentenced to eight years and one day for this conviction. He, thereafter, pled guilty to the four remaining robbery charges on May

24, 1999, and was sentenced to six years for each conviction. The trial court ordered that the sentences run consecutively to each other and to his sentence on the first charge, resulting in an effective sentence of thirty-two years and one day.

On direct appeal, this court reversed the trial court's imposition of consecutive sentences because the facts and circumstances did not support the trial court's finding that the Petitioner was a dangerous offender pursuant to Tennessee Code Annotated section 40-35-115(b). See State v. Eric D. Thomas, No. W 1999-00337-CCA-R3-CD, 2001 WL 721054, at *3 (Tenn. Crim. App. June 26, 2001). This court "vacat[ed] that portion of the trial court's judgment ordering the [Petitioner's] sentences to be served consecutively" and remanded "for resentencing solely on the issue of consecutive sentencing." Id. at *4. In so doing, this court emphasized as follows:

> Given the [Petitioner's] prior criminal record, however, he may qualify for consecutive sentencing as a professional criminal or as an offender whose record of criminal activity is extensive. Accordingly, we remand this matter to the trial court for further findings as to the [Petitioner's] eligibility for consecutive sentencing. If, on remand, the trial court finds an alternative ground for consecutive sentences which is supported by a preponderance of the evidence, then consecutive sentences may still be appropriate, so long as the actual length of the sentence is "justly deserved in relation to the seriousness of the offense[s]" and is "no greater than that deserved for the offense[s] committed." Tenn. Code Ann. §§ 40-35-102(1), -103(2); see also State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

Id. at *3.

The trial court resentenced the Petitioner on April 22, 2002, and again imposed consecutive sentences. This time the trial court concluded that the Petitioner was a professional criminal and was also an offender whose record of criminal activity was extensive. It appears from the documentation provided by the Petitioner that additional judgment forms for these four counts were filed after resentencing. These judgment forms were the same in all respects as the first set except for a notation in the special conditions section that the Petitioner was resentenced on April 22, 2002.

Subsequently, the Petitioner sought post-conviction relief alleging ineffective assistance of counsel. Post-conviction relief was denied, and this court affirmed on appeal. See Eric Thomas v. State, No. W2003-02154-CCA-R3-PC, 2004 WL 2891654 (Tenn. Crim. App. Dec. 14, 2004), perm. app. denied (Tenn. Mar. 21, 2005).

On January 25, 2011, in the Criminal Court for Shelby County, the Petitioner filed his first petition for habeas corpus relief, alleging that he was illegally incarcerated because his sentences had expired prior to his resentencing. See Eric Thomas v. Charles Trauber, Chairman of Board of Probation and Parole, No. W2011-01157-CCA-R3-HC, 2012 WL 259386, at *1 (Tenn. Crim. App. Jan. 26, 2012), perm. app. denied (Tenn. May 16, 2012). Specifically, he argued that the effect of this court's holding on direct appeal was that his sentences were to run concurrently until either the resentencing hearing or the expiration of his sentences, whichever came first. Id. He further argued that he earned sufficient "jail credits" that his sentences expired prior to the resentencing hearing. Id. The habeas corpus court dismissed the petition. Id.

On appeal, this court upheld the dismissal. In so doing, this court first held that the Petitioner had not satisfied the mandatory procedural requirements for habeas corpus relief because he had failed to attach the appropriate judgments of conviction to his petition and because he had filed the petition in the incorrect county. Thomas, 2012 WL 259386, at *2-3. Despite the Petitioner's procedural default, the court ruled on the substantive merit of the Petitioner's claims, determining that his claims did not entitle him to relief. This court reasoned as follows:

> [T]he Petitioner's claim that his six-year sentence expired before resentencing after factoring in 831 days of pretrial jail credit awarded by the trial court and 470 days of sentence reduction credit awarded by the Tennessee Department of Correction (TDOC) is not cognizable in a habeas corpus petition. See Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) (Because the grant or denial of sentence reduction credit "lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated, claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition . . . ."). The record reflects that the trial court awarded the Petitioner 831 days of pretrial jail credit in case number 97-08125 and that his consecutive six-year terms accordingly began to run on February 12, 1997. The Petitioner was resentenced on April 22, 2002, less than six years after he began serving his sentences. A challenge to the application of sentence reduction credit awarded by TDOC is not cognizable in a habeas corpus petition and should be brought under the Uniform Administrative Procedures Act. See Morrow, 335 S.W.3d at 122; Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn.Crim.App.1988).
>
> Furthermore, the Petitioner's belief that his sentences were automatically rendered concurrent by this court on direct appeal, and thus subject to expiration before resentencing, is mistaken. This court found

that consecutive sentencing was not warranted based upon a finding that the Petitioner was a dangerous offender and remanded the matter to the trial court "for further findings as to the [Petitioner's] eligibility for consecutive sentencing," reasoning that the trial court might find "an alternative ground for consecutive sentences." This court did not hold that the Petitioner's multiple six-year sentences were to run concurrently until the resentencing hearing.

Id. at *3.

In August 2012, the Petitioner filed a petition for habeas corpus relief in the Circuit Court for Lake County, the county of his incarceration. See Eric Thomas v. Henry Steward, Warden, No. W2012-01887-CCA-R3-HC, 2013 WL 132517 (Tenn. Crim. App. Jan. 10, 2013). In this petition, the Petitioner "alleged that his judgments of conviction were void because the trial court failed to render a judgment in infamy." Id. at *1. The Petitioner also raised issues regarding the calculation of pretrial jail credits and sentence reduction credits and the convictions to which the credits should be assigned. Id. On August 24, 2012, the habeas corpus court entered an order denying the Petitioner relief. Id.

This court affirmed on appeal. This court again concluded that the Petitioner had failed to comply with the procedural requirements for habeas corpus relief by failing to attach the appropriate judgments of conviction to his petition. Thomas, 2013 WL 132517, at *2. This court also noted that "disputes regarding the award of sentence reduction credits by the [TDOC] are not cognizable in a habeas corpus petition." Id. at *3 (citing Morrow, 335 S.W.3d at 122).

The Petitioner has mounted a number of additional challenges to his consecutive sentences. He filed an action with the Tennessee Claims Commission. See Eric Thomas v. State, No. W2009-01399-COA-R3-CV, 2009 WL 5101769 (Tenn. Ct. App. Dec. 29, 2009). It was noted in that opinion that the Petitioner had also sought a declaratory judgment regarding his sentence calculation in Davidson County Chancery Court. Id. at *1. Additionally, in 2016, the Petitioner sought relief under Tenn. R. Crim. P. 36.1 in the Criminal Court for Shelby County. None of these challenges were successful.

On September 28, 2017, the Petitioner filed the instant petition for habeas corpus relief in the Criminal Court for Davidson County. The Petitioner maintained that no amended judgment forms imposing consecutive sentences for his six-year sentences had ever been entered. According to the Petitioner, because this court reversed the original imposition of consecutive service, and because no amended judgments of conviction had ever been entered reflecting the imposition of consecutive service, his six-year sentences were rendered concurrent. He continued that he was being illegally detained by the six-

-4-

year sentences because they had expired based upon his computation of jail credits prior to any resentencing. In making his argument, the Petitioner relied in large part on language from a January 29, 2016 order of the Criminal Court for Shelby County denying the Petitioner's Rule 36.1 motion to correct an illegal sentence. Although relief was denied, the trial court stated in the order as follows, "Because the entry of judgment in the instant case does not specify whether the [Petitioner's] sentences would be served consecutively or concurrently, any alleged error in the manner of service of the [Petitioner's] could not be attributed to the trial court."

The habeas corpus court appointed counsel for the Petitioner and received testimony on two different occasions. At the evidentiary hearing on March 2, 2018, Candace Whisman, Director of Sentence Management Services at the TDOC, testified how the agency calculated the Petitioner's sentence and how that applied when the Petitioner's case was remanded on direct appeal. At the April 6, 2018 evidentiary hearing, the Petitioner testified regarding his allegations contained in the petition. The habeas corpus court denied relief by written order dated May 25, 2018, concluding that the Petitioner had failed to state a cognizable claim for relief. The Petitioner timely appealed.

ANALYSIS

On appeal, the Petitioner submits that his present claim is not barred by collateral estoppel because he "merely seeks to inquire as to what judgments is the TDOC enforcing imposing [his] restraint." He notes that "all criminal courts, have either vacated the consecutive sentences, determined the 1999 judgments were not the appropriate judgment[s], or the 1999 judgments do not impose his restraint." The Petitioner again relies on the language from the January 29, 2016 order of the Criminal Court for Shelby County.

The State responds that the Petitioner's claim is barred by collateral estoppel because it "is essentially the same as that raised in his previous [2012] appeal to this court." The State, addressing the Petitioner's reference to the January 29, 2016 order of the Criminal Court for Shelby County, maintains that "[n]othing that has since been said by or in a trial-level court could alter the effect of this [c]ourt's judgment." Moreover, the State surmises that the failure of a trial court to enter amended judgments of conviction is not a basis for habeas corpus relief.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the

expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer, 851 S.W.2d at 164.

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

First, we must address a procedural anomaly. Our supreme court has held, "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may . . . choose to adjudicate the petition on its merits." Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004) (footnote omitted) (citing Tenn. Code Ann. § 29-21-109). While procedural default is not required, we observe that neither the habeas corpus court, nor the parties, have made any mention of the procedural requirements for filing a habeas corpus petition, especially, the proper county for filing. This, the Petitioner's third petition for habeas corpus relief, was filed in Davidson County. The Petitioner was convicted in Shelby County. The Petitioner has at all relevant times been incarcerated in Lake County, and he states as much in his reply brief to this court. Tennessee Code Annotated section 29-21-105 states that an application for habeas corpus relief should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The Petitioner provides no reason for filing in Davidson County, much less a sufficient one. Moreover, we cannot contemplate any such reason. This petition could have and probably should have been dismissed by the Criminal Court for Davidson County for failing to comply with the procedural requirements.

Regardless, we agree with the State that the Petitioner's issues have been previously determined by this court.

> [U]nder the law of the case doctrine, an appellate court's decision on an
> issue of law is binding in later trials and appeals of the same case if the

> facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

George Harden v. State, No. E2014-01458-CCA-R3-CD, 2015 WL 5121381, at *3 (Tenn. Crim. App. Aug. 31, 2015) (citations omitted). The law of the case doctrine is not a constitutional mandate nor is it a limitation on power of a court, rather it is a longstanding discretionary rule of judicial practice which is based on common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. See State v. Jefferson, 31 S.W. 3d. 558 (Tenn. 2000).

The record reflects the Petitioner raised in his first petition for habeas corpus relief the allegation that his six-year sentences had expired before resentencing after factoring in 831 days of pretrial jail credit awarded by the trial court and 470 days of sentence reduction credit awarded by the TDOC. This court, in upholding the dismissal of the petition, concluded that the Petitioner's claim was not cognizable for habeas corpus relief. Thomas, 2012 WL 259386, at *3. This court reasoned that the Petitioner was resentenced on April 22, 2002, which was less than six years after the original judgment of convictions were entered even taking into account the Petitioner's pre-trial jail credit and that any challenge to the application of sentence reduction credit awarded by TDOC should be brought under the Uniform Administrative Procedures Act. Id. Furthermore, this court stressed that "the Petitioner's belief that his sentences were automatically rendered concurrent by this court on direct appeal, and thus subject to expiration before resentencing, [was] mistaken and that this court did not hold that the Petitioner's multiple six-year sentences were to run concurrently until the resentencing hearing." Id.

In August 2012, in the Circuit Court for Lake County, the Petitioner filed a second petition for habeas corpus relief. This time he alleged "that his judgments of conviction were void because the trial court failed to render a judgment in infamy." Thomas, 2013 WL 132517, at *1. The Petitioner also raised issues regarding the calculation of pretrial jail credits and sentence reduction credits and the convictions to which the credits should be assigned. Id. This court affirmed, concluding that the habeas corpus court properly dismissed the petition because the Petitioner had failed to comply with the procedural requirements for habeas corpus relief by failing to attach the appropriate judgments of conviction to his petition. Id. at *2. This court also noted that "disputes regarding the award of sentence reduction credits by the [TDOC] are not cognizable in a habeas corpus petition." Id. at *3 (citing Morrow, 335 S.W.3d at 122).

The Petitioner then filed his third petition, the subject of this appeal, in the Criminal Court for Davidson County. We reiterate that no sufficient reason for doing so

was provided, and it appears that the Petitioner was merely dissatisfied with the outcomes of his previous filings. In this petition, the Petitioner maintained that amended judgments forms were never entered following resentencing and that absent entry of valid judgments of conviction, his six-year sentences had expired. Again, the Petitioner submitted that because this court reversed the original imposition of consecutive service, his six-year sentences were rendered concurrent and had, therefore, expired based upon his computation of his jail credits. Because the facts presented in the first two habeas corpus petitions and the present petition were the same and because the Petitioner's issues were necessarily decided in those appeals, we conclude that his issues were previously determined. "Continued filing with a slight modification of [the] argument will not result in a different conclusion." Mack Transou v. Jerry Lester, Warden, No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *5 (Tenn. Crim. App. Oct. 21 2013).

The Petitioner's claim that the failure to enter amended judgment forms renders his convictions void, even if viewed in isolation, is also without substantive merit. First, the Petitioner's citation to the January 29, 2016 order of the Criminal Court for Shelby County stating, "Because the entry of judgment in the instant case does not specify whether the [Petitioner's] sentences would be served consecutively or concurrently, any alleged error in the manner of service of the [Petitioner's] could not be attributed to the trial court[,]" does not afford him any relief. This finding by the trial court is not binding on the appellate court because it is not supported by the record. Moreover, the Petitioner, in an exhibit to the evidentiary hearing, stated that the same trial court issued an order in 2017 clarifying its 2016 order, saying therein that the Petitioner "was delusional" and that the previous "findings were not factual."

Additionally, it appears that additional judgment forms were filed after the April 22, 2002 resentencing, which noted the resulting exact same sentences, including consecutive service. In these forms, it was stated in the special conditions section that resentencing had taken place on April 22, 2002. Any errors, if at all, in these forms were merely clerical. Notwithstanding, even if these amended judgment forms were deficient in some respect, our supreme court has held that the failure of a trial court to enter a judgment is not a basis for habeas corpus relief. See James William Taylor a/k/a Lutfi Shafq Talal v. State, No. M2007-01405-CCA-R3-HC, 2008 WL 1699443, at *3, *5 (Tenn. Crim. App. Apr. 11, 2008) (citing Lufti Shafq Talal a/k/a James William Taylor v. State, No. M2005-02964-SC-R11-HC (Tenn. Nov. 13, 2006) (order)) (stating our supreme court described the trial court's failure to enter a judgment as a clerical mistake); see also Harden, 2015 WL 5121381, at *4. The Petitioner's claim is without merit.

Based upon the foregoing and the record as a whole, we conclude that the petition could have and probably should have been dismissed due to the Petitioner's filing in the improper county, that the Petitioner's issues have been previously determined by this

court, and that any separate stand-alone issue lacks substantive merit.  Accordingly, we conclude that the habeas corpus court did not err by denying the Petitioner relief.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE